**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

GSG/RAH/ZI/PL AGR
2013R00130

**RECEIVED**

**MAY - 5 2014**

AT 8:30_____M
WILLIAM T. WALSH CLERK

*970 Broad Street, Suite 700*
*Newark, NJ 07102*

*973/645-2700*

May 1, 2014

Alexei Schacht, Esq.
123 West 94th Street
New York, New York 10025

Re:  <u>Plea Agreement with Aaron Glucksman</u> /14-246 (9HAP)-01

Dear Mr. Schacht:

This letter sets forth the plea agreement between your client, Aaron Glucksman, and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire if not signed by you and your client by May 2, 2014.

<u>Charges</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from Aaron Glucksman to a two-count Information. Count One charges that Aaron Glucksman conspired with others to commit wire fraud by devising a scheme and artifice to defraud Victim A.Q. and others in relation to purported investments in real estate between in or about July 2012 and in or about May 2013, contrary to 18 U.S.C. § 1343, in violation of 18 U.S.C. § 1349. Count Two charges that on or about July 2, 2012, Aaron Glucksman knowingly engaged in a monetary transaction affecting interstate commerce with the proceeds of criminal activity, specifically, wire fraud, in violation of 18 U.S.C. § 1957. If Aaron Glucksman enters a guilty plea and is sentenced on these charges consistent with the stipulated range under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Aaron Glucksman for his participation in a conspiracy with Eliyahu Weinstein, F.T., and others to defraud victims in relation to purported investments in medical device companies, life settlement policies, and real estate investments, and disbursing the proceeds of the conspiracy, from in or about February 2012 through in or about May 2013. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the

applicable statute of limitations on the date this agreement is signed by Aaron Glucksman may be commenced against him, notwithstanding the expiration of the limitations period after Aaron Glucksman signs the agreement. Should the Court at any time reject the plea under Federal Rule of Criminal Procedure 11(c)(1)(C) or act contrary to its terms, either party may elect to be relieved of the terms of this plea and the parties will be returned to the status prior to the entry of the plea.

Sentencing

The violation of 18 U.S.C. § 1349 to which Aaron Glucksman agrees to plead guilty carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 18 U.S.C. § 1957 to which Aaron Glucksman agrees to plead guilty carries a statutory maximum sentence of: (1) 10 years imprisonment; (2) a fine equal to the greatest of: (a) $250,000, (b) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (c) twice the gross amount of any pecuniary loss sustained by any victims of the offense; or (3) both imprisonment and a fine.

The sentence on each count may run consecutively. Fines imposed by the sentencing judge may be subject to the payment of interest.

Further, in addition to imposing any other penalty on Aaron Glucksman, the sentencing judge: (1) will order Aaron Glucksman to pay an assessment of $100 pursuant to 18 U.S.C. § 3013 per count, which assessment must be paid by the date of sentencing; (2) must order Aaron Glucksman to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order Aaron Glucksman, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offenses; and (4) pursuant to 18 U.S.C. § 3583, may require Aaron Glucksman to serve a term of supervised release of not more than three years per count, which will begin at the expiration of any term of imprisonment imposed. Should Aaron Glucksman be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Aaron Glucksman may be sentenced to not more than two years' imprisonment per count in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for

time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

This Office and Aaron Glucksman agree that, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the sentence to be imposed on Aaron Glucksman, should be as follows: (1) a term of imprisonment of 52 months, with 36 months to be served concurrently to Aaron Glucksman's previously-imposed sentence in the Eastern District of New York in United States v. Glucksman, 12-667 (RJD) (the "Glucksman EDNY Case"); (2) a term of supervised release of not more than three years; (3) a special assessment of $100 per count; and (4) full restitution/forfeiture to the victims of the offenses of conviction. Pursuant to Rule 11(c)(1)(C), this Office and Aaron Glucksman agree that no other sentence or fine is appropriate, beside those set forth in this paragraph. If the Court accepts this plea agreement, Aaron Glucksman must be sentenced accordingly.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Aaron Glucksman's activities and relevant conduct with respect to this case.

## Stipulations

This Office and Aaron Glucksman agree to stipulate at sentencing to the statements set forth in the attached Schedule A, including that the appropriate sentence to be imposed is a term of imprisonment of 52 months, with 36 months to be served concurrently to Aaron Glucksman's previously-imposed sentence in the Glucksman EDNY Case, regardless of the advisory range under the United States Sentencing Guidelines. The parties agree that a sentence within that range is appropriate taking into account all of the factors under 18 U.S.C. § 3553(a), including the advisory Guidelines range determined by the Court. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. While the Court is not bound by the parties' stipulations, the Court is bound to sentence Aaron Glucksman to a term of imprisonment of 52 months, with 36 months to be served concurrently to Aaron Glucksman's previously-imposed sentence in the Glucksman EDNY Case, under Federal Rule of Criminal Procedure 11(c)(1)(C).

## Waiver of Appeal and Post-Sentencing Rights

Aaron Glucksman knowingly and voluntarily waives the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the conviction or sentence imposed by the Court if the plea is accepted and the sentence includes a period of incarceration of 52 months, with 36 months to be served concurrently to Aaron Glucksman's previously-imposed sentence in the Glucksman EDNY Case.

This Office will not file any appeal, motion or writ which challenges the conviction or sentence imposed by the Court if the plea is accepted and the sentence includes a period of incarceration of 52 months, with 36 months to be served concurrently to Aaron Glucksman's previously-imposed sentence in the Glucksman EDNY Cases. Furthermore, if the Court accepts the terms of this plea agreement, including the period of incarceration stipulated to by the parties, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the Court erred in doing so.

Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraphs and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.

## Forfeiture/Restitution

Aaron Glucksman agrees that as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, Aaron Glucksman will consent to the entry of a forfeiture money judgment in the amount of $1,200,000 in United States currency (the "Forfeiture Money Judgment"). Defendant acknowledges that the $1,200,000 is subject to forfeiture as property, real or personal, that constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1349, which constitutes a specified unlawful activity within the meaning of 18 U.S.C. § 981(a)(1)(C).

Payment of the Forfeiture Money Judgment shall be made by certified or bank check, with the criminal docket number noted on the face of the check, payable to the United States Marshals Service.

If the Forfeiture Money Judgment is not paid on or before the date Aaron Glucksman enters his plea of guilty pursuant to this agreement, interest shall accrue on any unpaid portion thereof at the judgment rate of interest from

that date.  Furthermore, if Aaron Glucksman fails to pay any portion of the Forfeiture Money Judgment on or before the date of his guilty plea, Aaron Glucksman consents to the forfeiture of any other property alleged to be subject to forfeiture in the Information, including substitute assets, in full or partial satisfaction of the money judgment, and remains responsible for the payment of any deficiency until the Forfeiture Money Judgment is paid in full.

Aaron Glucksman agrees to consent to the entry of orders of forfeiture for the Forfeiture Money Judgment and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Aaron Glucksman understands that the forfeiture of Forfeiture Money Judgment is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.

Aaron Glucksman hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

## Immigration Consequences

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization.  The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities.  The defendant wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States.  The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea.  Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Aaron Glucksman. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil or administrative proceeding against Aaron Glucksman.

## No Other Promises

This agreement constitutes the plea agreement between Aaron Glucksman and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: Gurbir S. Grewal
Rachael A. Honig
Zach Intrater
Assistant U.S. Attorneys

APPROVED:

Thomas J. Eicher
Chief, Criminal Division

I have received this letter from my attorney, Alexei Schacht, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences, as well as the impact Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure has upon this agreement. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          Date:  May 1, 2014

Aaron Glucksman

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences, as well as the impact Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure has upon this agreement. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____          Date:  May 1, 2014

Alexei Schacht, Esq.

Plea Agreement With Aaron Glucksman

Schedule A

1.   This Office and Aaron Glucksman agree to stipulate to the following facts:

a.   From in or around July 2012 through in or around May 2013, Aaron Glucksman knowingly and intentionally conspired with Eliyahu Weinstein, F.T., and others to commit wire fraud by devising a scheme and artifice to defraud Victim A.Q. and others in relation to purported investments in real estate.

b.   As part of the scheme, Aaron Glucksman made and caused to be made materially false and fraudulent pretenses, representations, and promises, which were used, in part, to obtain money and property from victims.

c.   In advancing, furthering, or carrying out the scheme, Aaron Glucksman transmitted writings, signals, or sounds by means of a wire, radio, or television communication in interstate commerce, or caused the transmission of writings, signals, or sounds by means of a wire, radio, or television communication in interstate commerce.

d.   Aaron Glucksman knowingly engaged in monetary transactions, knowing that the transactions involved property derived criminally from wire fraud, of a value greater than $10,000.

e.   As of the date of this letter, Aaron Glucksman has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged, and this agreement requires that such acceptance of responsibility continue through the date of sentencing. Moreover, if: (a) Aaron Glucksman enters a plea pursuant to this agreement; and (b) this Office decides, in its sole discretion, that Aaron Glucksman's acceptance of responsibility has continued through the date of sentencing, the parties agree that Aaron Glucksman has thereby assisted authorities in the investigation and prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently.

2.   In accordance with the above, and pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agree that a sentence of 52

- 9 -

months imprisonment, with 36 months to be served concurrently to Aaron Glucksman's previously-imposed sentence in the Eastern District of New York and a period of not more than three years of supervised release and full restitution/forfeiture to the victims of the offenses of conviction (hereinafter the "Stipulated Sentence") is reasonable taking into account all of the factors under 18 U.S.C. § 3553(a), and neither party will argue for a sentence above or below the Stipulated Sentence.